Kurt Bockes, Bar No. 171647
kbockes@littler.com
Hannah Kramer, Bar No. 329146
hkramer@littler.com
LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
CARRIER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMINE EDGERLY,

            Plaintiff,

    v.

CARRIER CORPORATION; and DOES 1 through 20, inclusive,

            Defendants.

Case No. 3:25-cv-06922

*[Removed from Alameda County Superior Court Case No. 25CV129917]*

**DEFENDANT CARRIER CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant CARRIER CORPORATION ("Defendant") removes the above-captioned action from the Superior Court for the State of California, in and for the County of Alameda to the United States District Court, Northern District of California.  This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

**I.    STATEMENT OF JURISDICTION**

1.    This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a)(1). This case may be removed pursuant to the provisions of 28 U.S.C. sections 1332 and 1441(a), in that it is a civil action between "citizens of different States" wherein the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.    As set forth below, this case meets all the diversity statutes' requirements for removal and is timely and properly removed by the filing of this Notice.

**II.    PLEADINGS, PROCESS AND ORDERS**

3.    On July 3, 2025, Plaintiff JASMINE EDGERLY ("Plaintiff") filed a Complaint for Damages in the Superior Court of the State of California, Alameda County entitled *Jasmine Edgerly v. Carrier Corporation; and DOES 1-20, inclusive*, Case No. 25CV129917 ("Complaint").  The Complaint asserts claims for: (1) Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Discrimination in violation of FEHA; (3) Retaliation in Violation of the FEHA; (4) Harassment in Violation of the FEHA; (5) Failure to Prevent Harassment in Violation of the FEHA; (6) Retaliation in Violation of California Labor Code § 98.6; (7) Retaliation in Violation of California Labor Code § 1102.5; (8) Retaliation in Violation of California Labor Code § 6310; and (9) Wrongful Termination in Violation of Public Policy.  A true and correct copy of Plaintiff's Complaint is attached to this Notice of Removal as Exhibit A.

4.    On July 16, 2025, Defendant was served with the Summons and Complaint by service on its agent for service of process. A true and correct copy of the Summons served on Defendant is attached to this Notice of Removal as Exhibit B.  Defendant received no initial pleading through service prior to receipt of the Summons and Complaint.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT                                    2                                    CASE NO.

5.    A copy of all other pleadings, processes, and orders served upon Defendant are attached to this Notice of Removal as Exhibit C.

## III.    TIMELINESS OF REMOVAL

6.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b)(1), a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

7.    Defendant was served with the Summons and Complaint on July 16, 2025.  Therefore, removal is timely in accordance with 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(c).  *Murphy Bros., Inc.*, 526 U.S. at 347-48, 354 (holding removal period is triggered by completed service of process).

## IV.    DIVERSITY JURISDICTION

8.    The diversity of citizenship statute, 28 U.S.C. §1332(a), provides in relevant part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1)  citizens of different States. . .

9.    The Notice of Removal need only contain a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) (*citing* 28 U. S. C. §1446(a)).

10.    This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332(a)(1), 1441(a).

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

CASE NO.

**A.    There Exists Complete Diversity Between the Parties**

**1.    Plaintiff is a Citizen of California**

11.    For diversity purposes, a person is a "citizen" of the state in which s/he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Id.*, at 857. Plaintiff was employed by Defendant as a Service Operations Lead from January 17, 2023 until her termination on April 18, 2025. Plaintiff's last known address is 7851 Lockwood St., Oakland, California, 94621. Plaintiff alleges in the Complaint that she was "at all times relevant to this matter, and individual, with his (sic) residence in California." (Exhibit A, ¶ 1.) Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986. Accordingly, Plaintiff was at all relevant times domiciled in California and is a citizen of the same for diversity purposes.

**2.    Defendant is Not a Citizen of California**

12.    For diversity purposes, a corporation can "have dual citizenship" (*see Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972)) and "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.*

13.    At the time this action was commenced in state court, Defendant was, and remains, a corporation incorporated in and organized under the laws of the State of Delaware with its headquarters and corporate offices principally located at 1399 Pasteur Blvd., Palm Beach Gardens, Florida, 33418. The

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT                                        4                                        CASE NO.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

majority of Defendant's senior executives, including its Chief Executive Officer, Chief Financial Officer, Chief Business Development Officer, Chief Digital Officer, Chief Legal Officer, Chief Human Resources Officer, and Senior Vice President of Operations, are based in the State of Florida. Defendant makes and implements company-wide operations decisions from the State of Florida.

14.     Defendant, therefore, is not a citizen of California but a citizen of Delaware and Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1), (c)(1); *Bank of Calif. Nat'l Ass'n*, 465 F.2d 489 at 492.

### 3.     Doe Defendants' Citizenship is Disregarded

15.     The citizenship of potential Does 1-20 is irrelevant for purposes of removal. *See* 28 U.S.C. § 1441(b) (for purposes of removal based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded.").

16.     Accordingly, Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Florida. The diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

### B.     The Amount in Controversy Exceeds $75,000

17.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 554. The notice of removal "need not contain [any] evidentiary submissions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Dart, supra,* 135 S.Ct. at 554). It is only if "the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand . . . that both sides submit proof and the court then decides where the preponderance lies." *Ibarra*, 775 F.3d at 1197 (citing *Dart, supra,* 135 S.Ct at 554). Stated more simply, any plausible allegation in a defendant's notice of removal must be accepted, and can be challenged, if at all, only by way of a motion to remand.

18.     Plaintiff's Complaint is silent as to the total amount in controversy. Where the amount in controversy is not specifically pled in the complaint, courts must look to the facts pled and estimate the amount in controversy, recognizing that what matters is the amount in controversy, not the amount of damages the plaintiff may ultimately recover, if any. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT                    5                    CASE NO.

F.3d 373, 377 (9th Cir. 1997); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (holding that the inquiry is not how much defendant will owe, but the amount put in controversy by the complaint); *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) (holding that the proper calculations for establishing the amount in controversy involved "using a combination of Defendant's own numbers and Plaintiff's allegations"). In estimating damages, courts "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

19.     The amount in controversy in this action is in excess of $75,000, exclusive of interests and costs. Plaintiff was employed by Defendant as a Service Operations Lead. Plaintiff alleges in her Complaint that she was wrongfully terminated. (Exhibit A, ¶ 53.) In the Complaint, Plaintiff's prayer for relief includes the following relief: (1) earned wages and withheld wages; (2) payment of statutory obligations and penalties, (3) special damages; (4) compensatory and general damages; (5) punitive damages, (6) loss of income; (7) attorneys' fees; costs of suit; (8) interest as provided by law; and (9) all damages and penalties provided by law. (*See* Exhibit A, Prayer, at 8:27-9:13.)

20.     <u>Lost Wages</u>. Plaintiff seeks lost income and benefits in her Complaint. Plaintiff alleges that as a result of her termination, she "suffered and continues to suffer a loss in earnings and other employment benefits." (*See* Exhibit A, ¶¶ 19, 24, 29, 34, 39, 44, 49, 54.) Plaintiff was employed by Defendant between January 17, 2023 and April 18, 2025. Plaintiff's annual earnings at the time of her termination in April 2025 were $92,327.73. Thus, Plaintiff's wage loss from termination on April 18, 2025 until removal is $30,184.06.[1] Further it is reasonable to expect these damages to exceed $30,184.06. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002). Assuming a case disposition timeline of 12 months from removal, Plaintiff's past wage loss claim to that time period would amount to $122,511.80. Therefore, the amount of Plaintiff's alleged wage loss alone is sufficient to meet the

---

[1] 17 weeks of Plaintiff's annual earnings of $92,327.73.

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT                                    6                                    CASE NO.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

jurisdictional minimum of this Court.

21.    <u>Emotional Distress</u>.    Plaintiff's emotional distress damages are likewise properly considered in determining the amount in controversy.  In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party.  *See Simmons*, 209 F.Supp.2d at 1031-35 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction).  Here, Plaintiff alleges she "suffered humiliation, emotional distress, and mental pain and anguish" and seeks unspecified emotional distress damages.  (*See* Exhibit A, ¶¶ 20, 25, 30, 35, 40, 45, 50, 55.)  The following cases involving claims of discrimination based on race and ancestry, retaliation, harassment, and related claims, illustrate that emotional distress damages alone may be substantial and exceed the threshold amount in controversy.

22.    In *Wang v. Rees Scientific Corp.*, 2014 WL 8108412 (Cal. Sup. June 09, 2014) the plaintiff, who alleged she was subject to discrimination on the basis of sex, race, and ancestry in violation of FEHA and wrongfully terminated was awarded $166,302 in emotional distress damages.  In *Creswell v. City of Montebello*, 2015 WL 4719582 (Cal. Sup. July 01, 2015), the jury found for the plaintiff on his racial harassment and retaliation claims and awarded $750,000 in past and future noneconomic damages.  Thus, the emotional distress damages sought by Plaintiff are potentially substantial and would exceed the threshold amount in controversy.

23.    <u>Attorney's Fees.</u>  Plaintiff's Complaint also seeks an award of attorneys' fees.  (*See* Exhibit B, Prayer at 9:8.)  Plaintiff's claims for discrimination, failure to prevent discrimination, retaliation, harassment, and failure to prevent harassment, are premised on a violation of the California Fair Employment and Housing Act ("FEHA").  (*See* Exhibit B, ¶¶ 12, 17, 23, 28, 33.)  California Government Code section 12965(c)(6) provides for an award of attorney's fees in a FEHA action.  Plaintiff also alleges a claims for retaliation in violation of the California Labor Code section 1102.5.  (*See* Exhibit B, ¶¶ 38, 43, 48.)  California Labor Code section 1102.5 provides that the court is authorized to award attorney's

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

fees to a plaintiff who brings a successful action. Cal. Lab. Code § 1102.5(j). An attorneys' fees claim is included in determining the amount in controversy when, as here, a plaintiff is claiming attorneys' fees pursuant to statute. *Galt G/S v JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 795 (9th Cir. 2018). In *Wang v. Rees Scientific Corp.*, 2014 WL 8108412 (Cal. Sup. June 09, 2014), discussed above, plaintiff was awarded $758,148 in attorneys' fees. As such, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual discrimination cases can often exceed the damages). "A number of courts have held that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases." *Avila v. Kiewit Corp.*, 2019 U.S. Dist. LEXIS 167288, at *14 (C.D. Cal. Sept. 26, 2019). Accordingly, Plaintiff's demand for attorneys' fees adds at a minimum $30,000.00 to the amount controversy.

24.     Punitive Damages. Plaintiff also seeks punitive damages in her Complaint but does not specify an amount. (See Exhibit B, ¶¶ 15, 21, 26, 31, 36, 41, 46, 51, 56; Prayer, at 9:6.) The claimed punitive damages are relevant in determining the amount in controversy. *See Simmons*, 209 F.Supp.2d at 1033. In *Saxton v. HIP HOP Beverage Corp.*, 2018 WL 3361420 (Cal. Sup. March 27, 2018), a Los Angles Jury finding in favor of the plaintiff on his causes of action for race/color/ancestry discrimination, retaliation, hostile work environment, and failure to prevent discrimination in violation of FEHA, and wrongful termination, awarded $750,000 in punitive damages. In *Donnell v. Natvan, Inc.*, 2017 WL 9988638 (Cal. Sup. Nov. 07, 2017), a jury finding for plaintiff on her claims for national origin and race discrimination under the FEHA and constructive discharge awarded $125,000 in punitive damages. These cases demonstrate the potential for a large punitive damage award that exceeds the minimum threshold amount in controversy requirement for this Court if Plaintiff were to prevail on her claims.

25.     Based on Plaintiff's claims for lost wages, emotional distress, punitive damages, and attorneys' fees, the threshold amount in controversy is met here. Accordingly, on the basis of diversity

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT                                    8                                    CASE NO.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

jurisdiction, this Court has subject matter jurisdiction under 28 U.S.C. section 1332 and removal is authorized under 28 U.S.C. section 1441(b).

**V.    VENUE**

26.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).  Plaintiff originally brought this action in the Alameda County Superior Court.  Pursuant to Northern District of California Local Rule 3-2(d), the appropriate assignment of this action is to the San Francisco or Oakland Division of this Court.

**VI.    NOTICE TO PLAINTIFF AND THE STATE COURT**

27.    As required by 28 U.S.C. § 1446(b), Defendant is concurrently providing Plaintiff, through her counsel, with written notice of this removal.

28.    Further, as required by 28 U.S.C. § 1446(d), Defendant is concurrently filing in the Superior Court of the State California in and for the County of Alameda a Notice to State Court and adverse Party of Removal of Civil Action to Federal Court with these removal papers attached.  A true and correct copy of said notice (without its attachments) is attached to this Notice of Removal of Civil Action to Federal Court as Exhibit D.

29.    In the event the Court should be inclined to remand the action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible remand.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

**VII.    CONCLUSION**

WHEREFORE, Defendant removes this action from Superior Court of the State of California, in and for the County of Alameda, to the United States District Court for the Northern District of California.

Dated:  August 15, 2025                    LITTLER MENDELSON, P.C.


                                           /s/ *Kurt Bockes*
                                           KURT BOCKES
                                           HANNAH KRAMER
                                           Attorneys for Defendant
                                           CARRIER CORPORATION

4896-8106-0700 / 084265.1092

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT                              9                              CASE NO.

# EXHIBIT A

Michael Freiman, Esq. (SBN 280716)
Law Office of Michael Freiman
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 917-1022
mike@employlegal.com

Attorney for Plaintiff JASMINE EDGERLY

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/03/2025 at 05:45:10 PM
By: Damaree Franklin,
Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| JASMINE EDGERLY, <br><br>  Plaintiff, <br><br> v. <br><br> CARRIER CORPORATION; and DOES 1 through 20, inclusive, <br><br>  Defendants. | CASE NO.: 25CV129917 <br><br> **COMPLAINT FOR:** <br><br> 1. Discrimination in Violation of FEHA <br> 2. Failure to Prevent Discrimination (FEHA) <br> 3. Retaliation in Violation of FEHA <br> 4. Harassment in Violation of FEHA <br> 5. Failure to Prevent Harassment in Violation of FEHA <br> 6. Labor Code s. 98.6 <br> 7. Labor Code s. 1102.5 <br> 8. Labor Code s. 6310 <br> 9. Wrongful Termination in Violation of Public Policy <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff JASMINE EDGERLY for its Complaint against Defendants CARRIER CORPORATION and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Jasmine Edgerly was at all times relevant to the matters alleged in this complaint an individual with his residence in California.

2.      Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were

COMPLAINT FOR DAMAGES

1

proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

3.      Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

4.      Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Alameda.

5.      Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Alameda, because the Defendant conducted business in Alameda County.

## FACTUAL BACKGROUND

6.      Defendants subjected Plaintiff to discrimination/harassment/retaliation on the bases of race/color/ancestry, opposition to /refusal to perform/disclosure discrimination/harassment/retaliation, opposition to/refusal to perform/disclosure of violation of the law, opposition to/refusal to perform/disclosure of unsafe work environment, opposition to/refusal to perform/disclosure of Labor Code violations, assertion of rights under the Labor Code.

COMPLAINT FOR DAMAGES

2

7.    Defendant subjected Plaintiff to a hostile work environment including unwelcome comments and Respondent's manager putting his hand on Claimant's mouth saying she's too loud.

8.    Following Claimant's complaint about this harassment, Respondent subjected Claimant to inferior terms and conditions of employment including without limitation removing Claimant's cubicle away from everyone and terminating Claimant's employment.

9.    Defendants' actions constitute disparate impact and disparate treatment. discrimination.

10.    Plaintiff has received a Right to Sue letter from the California Civil Rights Department and has thus exhausted all necessary administrative remedies

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of FEHA)**
**(Against All Defendants)**

11.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

12.    Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

13.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

14.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

15.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION
### (Failure to Prevent Discrimination in Violation of FEHA)
### (Against All Defendants)

16.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

17.    Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

18.    Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

19.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

20.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

21.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of FEHA)
### (Against All Defendants)

22.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

23.    Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

COMPLAINT FOR DAMAGES

4

24.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

25.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

26.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

<div align="center">

**FOURTH CAUSE OF ACTION**
**(Harassment in Violation of FEHA)**
**(Against All Defendants)**

</div>

27.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

28.    Defendants' actions constitute harassment in violation of FEHA.

29.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

30.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

31.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FIFTH CAUSE OF ACTION
### (Failure to Prevent Harassment in Violation of FEHA)
### (Against All Defendants)

32.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

33.     Defendants' actions constitute failure to prevent harassment in violation of FEHA.

34.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

35.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

36.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 98.6)
### (Against All Defendants)

37.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

38.     Defendants' actions constitute retaliation in violation of Labor Code s. 98.6.

39.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

COMPLAINT FOR DAMAGES

6

40.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

41.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 1102.5)
### (Against All Defendants)

42.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

43.    Defendants' actions constitute retaliation in violation of Labor Code s. 1102.5.

44.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

45.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

46.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of Labor Code s. 6310)
### (Against All Defendants)

47.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

48.    Defendants' actions constitute retaliation in violation of Labor Code s. 6310.

49.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

50.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

51.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### NINTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)
### (Against All Defendants)

52.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

53.    Defendants' actions constitute wrongful termination in violation of public policy.

54.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

55.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

56.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

COMPLAINT FOR DAMAGES

8

1.    For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2.    For payment of all statutory obligations and penalties as required by law;

3.    For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;

4.    For punitive damages as allowed by law;

5.    Loss of income incurred and to be incurred according to proof;

6.    For reasonable attorneys' fees;

7.    For costs of suit incurred herein;

8.    For interest provided by law;

9.    All damages and penalties provided by law;

10.    For restitution and other equitable relief; and

11.    For such other and further relief as the court deems just and proper

Dated: July 3, 2025        By:    LAW OFFICE OF MICHAEL FREIMAN

    /s/ Michael Freiman, Esq.
    Michael Freiman, Esq.

    Attorney for Plaintiff Jasmine Edgerly

## DEMAND FOR JURY TRIAL

Plaintiff Jasmine Edgerly demands a jury trial.

Dated: July 3, 2025        By:    LAW OFFICE OF MICHAEL FREIMAN

    /s/ Michael Freiman, Esq.
    Michael Freiman, Esq.

    Attorney for Plaintiff Jasmine Edgerly

COMPLAINT FOR DAMAGES

9

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARRIER CORPORATION; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JASMINE EDGERLY

<div style="border:1px solid">

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/03/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court

1225 Fallon Street, Oakland CA 94612

CASE NUMBER:
*(Número del Caso):*
**25CV129917**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Freiman, 100 Wilshire Blvd. Ste 700, Santa Monica, CA 90401 310-917-1022

DATE:
*(Fecha)* 07/03/2025 Chad Finke, Executive Officer / Clerk of the Court

Clerk, by
*(Secretario)* _____ D. Franklin _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CARRIER CORPORATION

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 7/16/2025

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Date Served: 7/16/2025
Time Served: 4:26
Server: SB        13737765

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Michael Freiman, Esq. (SBN 280716)<br>100 Wilshire Blvd. Ste 700, Santa Monica, CA 90401<br><br>TELEPHONE NO.: 310-917-1022    FAX NO. :<br>EMAIL ADDRESS: mike@employlegal.com<br>ATTORNEY FOR *(Name)*: Jasmine Edgerly | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/03/2025 at 05:45:10 PM<br>By: Damaree Franklin,<br>Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
JASMINE EDGERLY V CARRIER CORPORATION

| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited**　　[ ] **Limited**<br>(Amount　　　　(Amount<br>demanded　　　demanded is<br>exceeds $35,000)　$35,000 or less) | **Complex Case Designation**<br>[ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25CV129917<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4.  Number of causes of action *(specify)*: 9
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3, 2025

Michael Freiman, Esq.
_____
(TYPE OR PRINT NAME)

▶ /s/ Michael Freiman, Esq.
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

---

CM-010 [Rev. January 1, 2024]       **CIVIL CASE COVER SHEET**       Page 2 of 2

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| JASMINE EDGERLY V CARRIER CORPORATION | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[✓] Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[ ] Hayward Hall of Justice  (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [✓] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes  [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br><br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/03/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF(S):<br>JASMINE EDGERLY | |
| DEFENDANT(S):<br>CARRIER CORPORATION | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>25CV129917 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:  Keith Fong
DEPARTMENT:  517
LOCATION:  Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544
PHONE NUMBER:  (510) 690-2726
FAX NUMBER:
EMAIL ADDRESS:  Dept517@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Keith Fong
DEPARTMENT 517

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Franklin, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

ACSC (Rev. 10/21)

Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/03/2025<br>Clad Flike, Exec the Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF:<br>JASMINE EDGERLY | |
| DEFENDANT:<br>CARRIER CORPORATION | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25CV129917 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 12/02/2025   Time: 2:30 PM   Dept.: 517
> Location: Hayward Hall of Justice
> 24405 Amador Street, Hayward, CA 94544

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:
>
> • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/03/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>JASMINE EDGERLY | |
| DEFENDANT/RESPONDENT:<br>CARRIER CORPORATION | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV129917 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

MICHAEL FREIMAN
Law Office of Steven R. Friedman
100 WILSHIRE BOULEVARD 700
Santa Monica, CA 90401

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/10/2025                    By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**

JUL 1 6 2025

# EXHIBIT D

Kurt Bockes, Bar No. 171647
kbockes@littler.com
Hannah Kramer, Bar No. 329146
hkramer@littler.com
LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
CARRIER CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JASMINE EDGERLY,<br><br>                   Plaintiff,<br><br>          v.<br><br>CARRIER CORPORATION; and DOES 1 through 20, inclusive,<br><br>                   Defendants. | Case No. 25CV129917<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. KEITH FONG - DEPT. 517<br><br>Trial Date:          Not Set<br>Complaint Filed:     July 3, 2025 |

DEFENDANT'S NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**TO PLAINTIFF JASMINE EDGERLY, HER ATTORNEY OF RECORD AND THE CLERK OF THE SUPERIOR COURT IN THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA:**

PLEASE TAKE NOTICE THAT, on August 15, 2025, Defendant CARRIER CORPORATION filed a Notice of Removal of Civil Action to Federal Court ("Notice") in the United States District Court for the Northern District of California. A file-endorsed copy of the Notice and its accompanying exhibits are attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), by the filing of Defendant's Notice, together with the filing of this Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with this Court, the above-entitled action has been removed from this Court to the United States District Court for the Northern District of California.

Dated:  August 15, 2025

LITTLER MENDELSON, P.C.

*Kurt R. Bockes*

KURT BOCKES
HANNAH KRAMER
Attorneys for Defendant
CARRIER CORPORATION

4932-4012-2459 / 084265.1092

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

2
DEFENDANT'S NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT